IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00457-CMA-KMT

SASHA CRONICK,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS,
CHRISTOPHER PRYOR, in his individual and official capacity,
ROBERT MCCAFFERTY, in his individual and official capacity,
DANIEL LAMBERT, in his individual and official capacity, and
MICHAEL INAZU, in his individual and official capacity,

    Defendants.

**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

This matter is before the Court on Plaintiff's Opposed Motion for Leave to File a First Amended Complaint ("Motion"). (Doc. # 39.) Therein, Plaintiff Sasha Cronick seeks leave to amend her Complaint to bring her existing malicious prosecution claim under the Fourth Amendment rather than the Fourteenth Amendment, remove Daniel Lambert as a Defendant, and make various other small changes to clarify her existing claims. Defendants the City of Colorado Springs, Christopher Pryor, Robert McCafferty, Daniel Lambert, and Michael Inazu (collectively, the "City Defendants"), jointly filed a response in opposition to the Motion. (Doc. # 42.) For the following reasons, the Motion is granted.

## I.     ANALYSIS

Under Federal Rule of Civil Procedure 15(a), after a responsive pleading has been served, a party "may amend its pleading only with the opposing party's written consent or the court's leave." The Rule specifies that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). The purpose of the Rule is to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018) (citation and internal quotation marks omitted). Whether to grant leave to amend the pleadings pursuant to Rule 15(a) is within the court's wide discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Rehberg v. City of Pueblo*, No. 10-cv-00261-LTB-KLM, 2011 WL 4102287, at *3 (D. Colo. Sept. 14, 2011) (citation omitted).

When determining whether to allow amendment of a complaint, courts typically consider several factors: whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, whether the request was offered in good faith, and whether the party has had sufficient opportunity to state a claim and has failed. *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). Potential prejudice to a defendant is the most important factor in determining whether a plaintiff should be permitted to amend the complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). However, courts typically find prejudice only when the proposed amendments unfairly affect the defendants in terms of preparing their defense to the amendments. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971).

"Most often, [undue prejudice] occurs when the amended complaints arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d 1196 at 1208 (citations omitted).

In this case, Ms. Cronick has yet to file an amended complaint and no scheduling order has been entered. Accordingly, the Court cannot conclude that Ms. Cronick has had sufficient opportunity to state a claim and has failed. *State Distributors, Inc.*, 738 F.2d at 416. Nor can the Court conclude that Plaintiff's Motion was unduly and inexplicably delayed.

Moreover, amendment would not cause Defendants undue prejudice. Ms. Cronick's proposed First Amended Complaint ("FAC") (Doc. # 39-1) does not "arise out of a subject matter different from what was set forth in the complaint" or "raise significant new factual issues." *Minter*, 451 F.3d 1196 at 1208. The City Defendants argue that they will be prejudiced by renewed motions practice on a motion to dismiss. However, that motions practice arguably results from having to defend a lawsuit and, therefore, does not constitute undue prejudice. *See Collins v. Ace Mortg. Funding, LLC*, 08-cv-01709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) ("The ordinary burdens associated with litigating a case do not constitute undue burden."). The City Defendants' reliance on *Bacote v. Fed. Bureau of Prisons*, No. 17-CV-03111-RM-NRN, 2021 WL 248808, at *4, *10 (D. Colo. Jan. 26, 2021) to argue undue prejudice is misplaced as the court in *Bacote* denied the plaintiff's motion to file a fifth amended complaint three years after the initiation of the action.

3

Lastly, the Court finds that Ms. Cronick's proposed FAC addresses several of the issues that Judge Tafoya raised in her February 19, 2021 Recommendation of United States Magistrate Judge (Doc. # 35).[1] Additionally, if this Court were to rule on the City Defendants' pending Motion to Dismiss, it would provide Plaintiff an opportunity to amend her Complaint before dismissing her claims. Therefore, denial of the instant Motion to Amend would lead to a circuitous waste of judicial resources.

## II.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Opposed Motion for Leave to File a First Amended Complaint (Doc. # 39) is GRANTED;

- Plaintiff shall file a clean version of the First Amended Complaint by April 2, 2021;

- Accordingly, the City Defendants' Motion to Dismiss Complaint and Jury Demand (Doc. # 17) is DENIED AS MOOT. *See, e.g.*, *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or

---

[1] To the extent the City Defendants argue that amendment is futile because the proposed FAC does not cure all of the deficiencies identified by Judge Tafoya, the Court finds that such issues would be better and more efficiently addressed after Plaintiff's FAC is filed and the City Defendants have had an opportunity to revise their motion to dismiss, should they wish to file such a motion. *See Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07–cv–01145–DME–KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) ("Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.").

merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); and

- The February 19, 2021 Recommendation of United States Magistrate Judge (Doc. # 35) is MOOT.[2]

DATED: March 26, 2021

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] Plaintiff is cautioned that her failure to timely object to the Recommendation would have resulted in waiver of appellate review of the Recommendation had this Court denied Plaintiff's Motion and considered the Recommendation on the merits. *See Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) ("The failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions.") (internal quotation marks and citation omitted).