IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 20-cv-00457-CMA-MDB

SASHA CRONICK,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS,
CHRISTOPHER PRYOR,
ROBERT MCCAFFERTY,
DANIEL LAMBERT, and
MICHAEL INAZU,

    Defendants.

**SUPPLEMENTAL ORDER GRANTING APPLICATION FOR ATTORNEY'S FEES**

This matter is before the Court on Defendants Christopher Pryor and Robert McCafferty's Application for Attorney's Fees and Costs. (Doc. # 123.) For the reasons provided below, the Court GRANTS the Application.

## I. BACKGROUND

On January 18, 2024, Defendants filed an application seeking their attorney's fees and costs associated with a discovery dispute. (Doc. # 123.) To prove how many hours they spent on this matter and that the time spent was reasonable, Defendants' application included a table of contemporaneously logged hours along with redacted descriptions of each time entry. (Doc. # 123-2.) On August 30, 2024, this Court issued

an Order[1] in which it concluded that its imposition of sanctions was preceded by adequate due process and did not require an evidentiary hearing prior to determining that sanctions should be imposed. (Doc. # 139.) However, the Court reserved ruling on Defendants' Application for Attorney's Fees because Defendants' overly redacted timesheet precluded the Court from meaningfully assessing whether the fees requested were reasonable. (*Id.*) In accordance with the Court's directive, the Defendants filed an unredacted timesheet on September 3. (Doc # 140.) Ms. Cronick filed no objection to the reasonableness of the fees in the unredacted timesheet. On September 26, 2024, this Court held a hearing, the purpose of which was to determine how it should apportion the sanctions, *i.e.*, who was at fault for Ms. Cronick's continued disobedience of a discovery order. *See* (Docs. ## 139, 143.)

## II.   APPLICABLE LAW

To calculate an attorney fee award, the court must determine the lodestar amount, which is "the number of hours reasonably expended on the matter, multiplied by a reasonably hourly rate." *Stenson v. Edmons*, 86 F.4th 870, 878 (10th Cir. 2023). The lodestar calculation produces a "presumptively reasonable fee." *Id.* (quotation omitted). The party requesting fees has the burden of persuading the court that the hours expended and the hourly rate are both reasonable. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). In doing so, the party must carry its burden by "submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees

---

[1] The Court will not reiterate the detailed background set forth in its August 30, 2024 Order, but incorporates by reference its analysis and findings.

are sought, all hours for which compensation is requested *and how those hours were allotted to specific tasks*." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (emphasis added) (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987)).

To determine the lodestar amount, the Court follows a three-step process. *Ramos*, 713 F.2d at 554. The first step is to determine the number of hours reasonably spent by the prevailing party's counsel. *Id.* at 553; *see also Malloy*, 73 F.3d at 1017.[2] "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Second, the court must determine a reasonable hourly rate of compensation. *Ramos*, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Third, the court must multiply the number

---

[2] Courts have considered the following non-exhaustive list of factors in the lodestar calculus:

> (1) Whether the tasks being billed 'would normally be billed to a paying client,' (2) the number of hours spent on each task, (3) 'the complexity of the case,' (4) 'the number of reasonable strategies pursued,' (5) 'the responses necessitated by the maneuvering of the other side' and (6) 'potential duplication of services' by multiple lawyers.

*Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir.1998) (quoting *Ramos*, 713 F.2d at 554); *see also Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 06-cv-00554, 2010 WL 3703224, at *2 (D. Colo. Sept. 13, 2010) (unpublished) (considering (1) whether the amount of time devoted to a particular task appears reasonable in light of the case's complexity, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, indicating how much time was allotted to specific tasks).

of hours reasonably expended by the reasonable hourly rate, which yields the lodestar amount. *Hensley*, 461 U.S. at 433.

In addition to determining the lodestar amount, the court must also "provide a concise but clear explanation" of the reasons underlying the fee award. *Eckerhart*, 461 U.S. at 437. The explanation must be enough to provide adequate basis for appellate review. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986).

### III.  ANALYSIS

**A.  DEFENDANTS' UNREDACTED TIMESHEET IS SUFFICIENTLY DETAILED**

In ascertaining the lodestar amount, the Court begins by attempting to determine the number of hours reasonably spent by Defendants. *Malloy*, 73 F.3d at 1017.

According to Defendants' contemporaneously recorded timesheet, Defendants spent exactly sixty hours working on this issue. (Doc. # 123-2; Doc. # 140-1.) Although Ms. Cronick initially objected to the reasonableness of spending sixty hours on this discovery issue, her objection was premised on her inability to argue reasonableness due to redactions on Defendants' initial submission. (Doc. # 128 at 6–7.) Defendants filed an unredacted timesheet, to which Ms. Cronick filed no objection. Given the lack of dispute, this Court finds that sixty hours appears reasonable given that the timesheet provides tasks that would normally be billed to a client during a discovery dispute—legal research about discovery obligations and communications with opposing counsel. *See generally* (Doc. # 140-1.) Given that courts are discouraged from "achiev[ing] auditing perfection," Defendants' billing entries appear detailed enough to prove reasonableness. *Fox v. Vice*, 563 U.S. 826, 838 (2011); *see also Rocky Mountain*

*Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 06-CV-00554-REB-BNB, 2010 WL 3703224, at *2 (D. Colo. Sept. 13, 2010).

As for the second lodestar factor, the Court finds that Defendants have adequately proven that their requested rate of $300.00 per hour is "the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018; *see* (Doc. # 123-1.) The report provided by Defendants, while somewhat outdated, shows a range of billing rates in the local legal market that include what Defendants request for this dispute. The Court also duly notes that Ms. Cronick, for her part, makes no objection.

Finally, multiplying sixty hours by $300.00 per hour equals $18,000.00—the lodestar amount. *See Hensley*, 461 U.S. at 433. That $18,000—plus the costs that Defendants provided, *see* (Doc. # 123-3), which Ms. Cronick also does not apparently dispute—brings the total sanctions amount to $18,680.25.

B.   THE COURT APPORTIONS FAULT EQUALLY

As noted in the August 30, 2024 Order, the Court must next determine how to reasonably apportion fault between Ms. Cronick and her counsel. *See* (Doc. # 139 at 17); *Martin v. SGT, Inc.*, No. 2:19-cv-00289, 2023 WL 3585326, at *7 n.84 (D. Utah May 22, 2023, at *6 n.79 ("If the fault lies with the attorneys, that is where the impact of the sanctions should be lodged. If the fault lies with the client, that is where the impact of the sanctions should be lodged."). However, at the September 24, 2024 hearing, despite that fact that Plaintiff had requested that the Court clarify "who is being sanctioned for what, and for how much" (Doc. # 128 at 5), Plaintiff's counsel expressly declined to address any of the Court's questions regarding whose fault it was that

deceptive representations were made to the Court and whose fault it was that this evidence was not timely produced. Due to Plaintiff's refusal to provide the Court with the evidence it needs to conduct the apportionment calculus, this Court imposes the sanction jointly and severally. Ms. Cronick and her attorneys can determine the payment split between themselves.

## IV.     CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' Application for Attorney's Fees and Costs (Doc. # 123) is GRANTED. Plaintiff Sasha Cronick and her attorneys are ORDERED, jointly and severally, to pay Defendants $18,680.25 for reasonable attorney's fees and expenses incurred within fourteen days from the date on which final judgment enters in this case.

DATED: October 17, 2024

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge